## JAMES A. MURPHY

*v.*

## THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when an order amending judgment is not final.* An order amending the record of a prior judgment sustaining objections and refusing judgment of sale for taxes is not such a final order as is subject to appeal or writ of error, where the amendment does not change the judgment in such a manner as to affect the rights of the parties thereunder.

2. JUDGMENTS AND DECREES—*when amendment of record of judgment does not change rights of parties.* Where all of the objections to an application for judgment of sale go to the jurisdiction of the court, an order "that all of said objections be and are hereby sustained and that application for judgment is hereby refused," is not changed, so as to affect the rights of the parties, by striking the words "all of said" from the record of the order.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

W. J. DONLIN, (GEORGE A. MASON, of counsel,) for plaintiff in error.

W. P. THORNTON, (FRED H. ROWE, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The writ of error in this case was issued to the county court of Cook county to bring up the record of that court amending, on December 30, 1902, its record of a judgment entered on July 20, 1899, in favor of the plaintiff in error. The errors assigned are, that the court erred in admitting improper and incompetent evidence upon the hearing of the motion of the defendant in error to amend the record and in entering the order amending the same.

The record certified to this court shows the following proceedings: On June 16, 1899, the county collector of

Cook county applied to the county court for judgment
and order for sale against the lots of plaintiff in error,
James A. Murphy, for the delinquent fifth installment of
special assessment No. 29 levied by the village of Park
Ridge, in said county.    To the application Murphy en-
tered his special appearance for the sole and only pur-
pose of contesting the jurisdiction of the court for the
reasons set forth in ten written objections then filed.
The objections challenged the jurisdiction of the court
on the ground that the return of the delinquent list was
not made as required by law; that the publication of the
delinquent list was not made according to statute; that
the application was not made in the manner required by
law; that the court confirming the assessment acquired
no jurisdiction for want of sufficient publication made or
notice given, and because the ordinance for the improve-
ment was void, and that the land of Murphy had been
arbitrarily subdivided.    On July 20, 1899, the objections
so made to the jurisdiction of the court coming on to be
heard, the court entered the following order:    "It is or-
dered by the court that all of said objections be and are
hereby sustained and that application for judgment is
hereby refused."    On December 30, 1902, the county col-
lector filed his motion to amend said record, as was after-
ward done.    Murphy resisted the motion, and upon the
hearing the court received in evidence, against his objec-
tion, the minute book of the clerk written at the time the
judgment was entered, as follows:    "Thursday, July 20,
1899.—162 spcl. obj.; objs. sust. & j. refused," and also
the testimony of the record writer that at some time af-
terward he wrote the record from those minutes.    He
testified that "spcl." meant special; "objs." objections;
"sust." sustained, and "j." judgment, and that the whole
thing appearing in the minute book meant, "Objections
sustained and judgment refused."    The court sustained
the motion and entered an order amending the record
*nunc pro tunc* as of July 20, 1899, so as to read as follows;

"It is ordered by the court that objections be and the same are hereby sustained and said application for judgment is hereby refused."

Appeals from judgments of the county court either giving or refusing judgment for taxes and special assessments, and writs of error to review such judgments, are allowed by section 192 of the Revenue act. (Hurd's Stat. 1899, p. 1426.) In the case now under review an issue was made as to the jurisdiction of the county court to entertain the application and render judgment against the lots of plaintiff in error, and that issue was decided in his favor and final judgment was entered on July 20, 1899. The collector took no appeal from that judgment and it stands in full force, not reversed, modified or set aside. Of course, plaintiff in error does not now seek to reverse the judgment in his favor, but he asks us to reverse an order which did not in any manner affect such judgment, but which amended the record so that it no longer shows that the judgment was based on a finding in his favor as to all of the objections filed. If there had been an appeal or writ of error to review the judgment, that finding would not have affected the decision one way or the other. The jurisdiction of the court was challenged on several distinct grounds, and if either of them was sufficient to defeat the application and was properly sustained the judgment would have been affirmed, regardless of the finding of the court sustaining all of the objections. Judgment against the lands of the plaintiff in error was refused, and there has been nothing done by way of amendment under which the lands could be sold, and even the conclusive effect of the judgment as an adjudication that the court was without jurisdiction has not been destroyed. An order made subsequent to a judgment may be final and appealable where it changes or sets aside a judgment or affects the substantial rights of the parties in its enforcement, but nothing of that kind has been done in this case. It does not even appear

that in any pending or future proceeding the rights or interests of the plaintiff in error can be in any manner affected by the amendment.

We are of the opinion that the order of the county court is not such a final judgment as can be reviewed upon a writ of error, and the writ is therefore dismissed.

*Writ dismissed.*